UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

LARRY R. NOBLE,                                                Civil No. 08-3349 (PAM/JJK)

        Petitioner,
v.                                                                              **REPORT AND**
                                                                                                                                                             **RECOMMENDATION**
CARLSON,

        Respondent.

This matter is before the undersigned United States Magistrate Judge on Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket No. 1.) The matter has been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court finds that this action is barred by the applicable statute of limitations. The Court will therefore recommend that the action be summarily dismissed with prejudice, pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1]

## I. BACKGROUND

In March 2002, Petitioner shot and wounded his girlfriend. He was initially charged with attempted second degree murder, and being a felon in possession of a handgun. Petitioner was subsequently charged with an additional count of attempted second degree murder, because the victim was pregnant when she was shot.

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

1

According to Petitioner, the fetus was not harmed by the shooting, but the victim nevertheless elected to have an abortion sometime after the shooting occurred.

In July 2002, a state court jury found Petitioner guilty of all three of the charges against him. He was sentenced to an aggregate term of 28 years in state prison, and he is presently serving his sentence at the Minnesota Correctional Facility in Rush City, Minnesota. (Petition, [Docket No. 1], p. 2, ¶s 1-6.)

Petitioner challenged his conviction and sentence by filing a direct appeal, claiming that the trial court issued improper jury instructions, and abused its discretion at sentencing. (Id., p. 3, ¶ 11(a)(3).) The Minnesota Court of Appeals rejected all of Petitioner's claims, and affirmed his conviction and sentence. State v. Noble, 669 N.W.2d 915 (Minn.App. 2003). The Minnesota Supreme Court denied Petitioner's request for further review (on direct appeal) on December 23, 2003. (Petition, p. 3, ¶ 9(c).)

In December 2004, Petitioner filed a post-conviction motion in the trial court. Noble v. State, No. A05-607 (Minn.App. 2006), 2006 WL 771403 (unpublished opinion). In that motion, Petitioner argued that (i) he was entitled to an evidentiary hearing on the issue of whether the victim in his criminal case actually was pregnant on the day she was shot, and (ii) his sentence should be vacated based on the United States Supreme Court's decision in Blakely v. Washington, 542 U.S. 296 (2004). (Id. at * 1.) The trial court denied Petitioner's post-conviction motion, and he then filed a second appeal. (Id.) The Minnesota Court of Appeals affirmed the trial court's denial of Petitioner's

post-conviction motion, and on June 28, 2006, the Minnesota Supreme Court denied his application for further review.  (Id.; Petition, p. 3, ¶ 11.(a)(6).)

Petitioner's current federal habeas corpus petition was received and docketed by the Clerk of Court on June 27, 2008.  However, the petition was signed and mailed on June 25, 2008, and it is therefore deemed to have been filed on that date.  (See Rule 3(d), Rules Governing Section 2254 Cases in the United States District Courts.)  The petition lists two grounds for relief, which, repeated verbatim and in their entirety, are as follows:

> (1) "Conviction obtained by the unconstitutional failure of the prosecution to disclose evidence favorable to the defendant.  The Prosecutor fail[ed] to disclose evidence that the allege victim was pregnant.  Later he add[ed] charges for the unborn child after she legally aborted the 1 month old embroyo [sic].  I never had knowledge she was pregnant to after she legally aborted her unborn child."

> (2) "There was one shot fire[d], one person harm[ed] in this incident[;] for me to be punish[ed] for 2 separate charges is insane.  The unborn was not harm[ed] do [sic] to the one shot fire[d][;] in fact the victim recover[ed] from surgery less than a week.  The unborn was not harm[ed], the victim legally aborted her unborn child.  Basically the State of Minnesota held me accountable for her legally terminated pregacy [sic]."

(Petition, p. 5, ¶ 12.)

Neither of Petitioner's current claims can be entertained on the merits, however, because his petition is barred by the one-year statute of limitations set forth at 28 U.S.C. § 2244(d).

## II. DISCUSSION

The Anti-terrorism and Effective Death Penalty Act, ("AEDPA"), effected several significant changes to the federal habeas corpus statutes.  One of those changes

3

appears at 28 U.S.C. § 2244(d), which establishes a one-year statute of limitations for habeas corpus petitions filed by state prisoners seeking federal court review of a conviction or sentence. This statute provides that:

> "**(d)(1)** A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
>   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> **(d)(2)** The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

In this case, there is nothing on the face of the petition to suggest that clauses (B), (C) or (D) of § 2244(d)(1) could be applicable. In other words, there is no indication that the state created any impediment that prevented Petitioner from seeking federal habeas relief within the prescribed one-year limitation period; nor is there any indication that Petitioner's claims are based on any newly-recognized and retroactively-applicable

constitutional right, or any new evidence that could not have been discovered earlier.[2]
Thus, the one-year statute of limitations began to run in this case, pursuant to § 2244(d)(1)(A), when Petitioner's judgment of conviction "became final by the conclusion of direct review or the expiration of the time for seeking such review."

Petitioner's conviction and sentence were upheld by the Minnesota Supreme Court on direct appeal on December 23, 2003. However, for purposes of 28 U.S.C. § 2244(d)(1)(A), the judgment did not become "final" until the expiration of the deadline for filing a petition for writ of certiorari with the United States Supreme Court. Smith v. Bowersox, 159 F.3d 345 (8th Cir. 1998) (state criminal convictions not final for statute of limitations purposes until the deadline for seeking certiorari has expired), cert. denied, 525 U.S. 1187 (1999). Certiorari petitions must be filed within 90 days after a final adjudication by a state's highest court. Sup. Ct. R. 13.1. Therefore, for purposes of § 2244(d)(1)(A), Petitioner's judgment of conviction became "final," and the statute of limitations began to run, on March 23, 2004 – 90 days after the Minnesota Supreme Court upheld his conviction and sentence on direct appeal.

The habeas corpus statute of limitations is tolled pursuant to § 2244(d)(2) when a prisoner files a state post-conviction motion, or otherwise seeks collateral relief, in a

---

[2] In Petitioner's first ground for relief, he claims that the prosecution failed to disclose certain evidence that allegedly would have been favorable to his defense. However, the only such "evidence" mentioned in the petition is the fact that the victim was pregnant when she was shot. Petitioner may not have been aware of that fact when he was initially charged, but it obviously was disclosed to him when the charges against him were amended, before trial, to include a charge of attempted murder of an unborn child. Because this "evidence," (i.e., the victim's pregnancy), was disclosed to Petitioner before trial, it cannot cause the starting date for the one-year statute of limitations to be delayed pursuant § 2244(d)(1)(B) or (D).

procedurally proper state court proceeding. The statute remains tolled during the entire period of time that such collateral proceedings continue to be pending in any state court, including the state appellate courts. Mills v. Norris, 187 F.3d 881, 883-84 (8th Cir. 1999).

In this case, Petitioner tolled the running of the statute of limitations when he filed his post-conviction motion in December 2004. See Noble v. State, 2006 WL 771403 at * 1 (noting that Petitioner's post-conviction motion was filed in December 2004). Petitioner has not disclosed the exact date when he filed his post-conviction motion, but the Court will assume, for present purposes, that the motion was filed on December 1, 2004, (which is the best possible assumption for Petitioner).

The statute of limitations was running in this case for 252 days between March 24, 2004, (when Petitioner's judgment of conviction became final on direct review), and December 1, 2004, (when Petitioner is assumed to have filed his post-conviction motion). See Painter v. State of Iowa, 247 F.3d 1255, 1256 (8th Cir. 2001) ("the time between the date that direct review of a conviction is completed and the date that an application for state post-conviction relief is filed counts against the one-year period"). The statute of limitations was then tolled during the entire time that Petitioner's post-conviction proceedings were pending in the state courts – i.e., from December 1, 2004, until June 28, 2006, when the Minnesota Supreme Court denied Petitioner's request for further review of his post-conviction claims. The statute of limitations period then began to run again on June 29, 2006, and the statute continued to run for another 727 days

before Petitioner filed his current habeas corpus petition on June 25, 2008.

Thus, the statute of limitations was running in this case for a total of 979 days – 252 days before Petitioner filed his state post-conviction motion, plus another 727 days after his state post-conviction proceedings were completed.  Needless to say, the 979 days that the statute of limitations was running in this case far exceeds the one-year (365-day) limitation period prescribed by § 2244(d)(1)(A).  Therefore, the Court finds that this action was filed after the applicable statute of limitations had expired.[3]

The Court has also considered whether the doctrine of "equitable tolling" could save this action from being time-barred.  See Baker v. Norris, 321 F.3d 769, 771 (8th Cir.) ("the one year AEDPA time limit... may be equitably tolled").  The Court of Appeals has made it very clear, however, that such tolling is available only "when <u>extraordinary circumstances</u> beyond a prisoner's control make it impossible to file a [habeas corpus] petition on time... [or] when conduct of the defendant has lulled the plaintiff into inaction."  Jihad v. Hvass, 267 F.3d 803, 805 (8th Cir. 2001) (emphasis added).  "'[A]ny invocation of equity to relieve the strict application of a statute of limitations must be <u>guarded and infrequent</u>, lest circumstances of individualized hardship supplant the rules

---

[3]  Petitioner may believe that his post-conviction motion did not merely toll the running of the statute, but somehow 'reset the clock,' giving him a fresh new one-year limitations period that did not begin to run until his state post-conviction proceedings were fully complete.  That, however, is simply not the case.  "Section 2244(d)(2) only stops, but does not reset, the [statute of limitations] clock from ticking and cannot revive a time period that has already expired."  Cordle v. Guarino, 428 F.3d 46, 48, n. 4 (1st Cir. 2005) (citations omitted).  Furthermore, even if Petitioner were entitled to a fresh new one-year limitations period after his state post-conviction proceedings were completed, his current petition still would be too late, because he did not file his current petition until almost two years after those proceedings were completed.

of clearly drafted statutes.'" Id. at 806, (quoting Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)) (emphasis added).  Equitable tolling cannot be based on such commonplace and non-external excuses as prisoner ignorance or inadequate legal assistance.  Kruetzer v. Bowersox, 231 F.3d 460, 463 (8th Cir. 2000), cert. denied, 534 U.S. 863 (2001).  Instead, the petitioner must show that some specific and truly extraordinary event, of a wholly external nature, made it impossible for him or her to meet the statute of limitations deadline.

In this case, Petitioner has not requested equitable tolling, and there is nothing in his submissions which suggests that he could possibly be eligible for equitable tolling.  It appears that in this case, as in Baker, Petitioner simply was not "diligent in acting to protect his right to federal habeas review of his conviction."  321 F.3d at 772.  Therefore, the tardiness of this action cannot be excused based on equitable tolling.

## III.  CONCLUSION

In sum, the Court finds, for the reasons discussed above, that this action is barred by the one-year statute of limitations set forth at 28 U.S.C. § 2244(d).  The Court will therefore recommend that this action be summarily dismissed pursuant to Rule 4 of the Governing Rules.  Furthermore, the action should be dismissed with prejudice, because Petitioner is no longer eligible for habeas corpus relief in federal court.[4]

---

[4] The Court notes that Petitioner did not pay the $5.00 filing fee for this action, as required by 28 U.S.C. § 1914(a).  Ordinarily, that omission would have prompted the Court to hold Petitioner's submissions in abeyance until he paid the proper fee, (or applied for leave to proceed in forma pauperis).  It is readily apparent, however, that this action must be dismissed due to untimeliness, and addressing the fee issue would only delay the inevitable dismissal of this action.

**IV. RECOMMENDATION**

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Petitioner's petition for a writ of habeas corpus, (Docket No. 1), be summarily DENIED;

2. This action be DISMISSED WITH PREJUDICE.

Dated: July 7, 2008

*s/ Jeffrey J. Keyes*
Hon. Jeffrey J. Keyes
United States Magistrate Judge

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by July 22, 2008, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to 3500 words. A judge shall make a de novo determination of those portions of the Report to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.